number 1 8 2 0 5 4 United States versus Sergio Hernandez-Colon. Good morning may please the court, judges Thompson, Lippez and Barron. My name is Maria Soledad Ramirez I'm representing appellant Sergio Hernandez-Colon. The sole issue in this case your honors is whether the district court abuse its discretion when imposing a guideline sentence to Mr. Hernandez disregarding the sentencing recommendations agreed with the government in the plea agreement and also disregarding the timely objections raised by Mr. Hernandez in the record as to some sentencing guideline enhancements that the probation officer recommended before sentencing. The circumstances in this case are atypical your honor. Without resting the seriousness of the offense charged to Mr. Hernandez he immediately after his arrest accepted responsibility. He immediately initiated conversations with the government to reach a plea agreement. He expressed remorse for these actions in letters sent to the relatives of the victim and also to the court. He admitted his responsibility for count 2 of the indictment where he was charged for enticing a minor to engage in sexual activity in violation of 18 USC section 2422B. This situation endured for four years. The evidence reflects the victim version of the case is very important to the court's consideration. Counselor, isn't it a fact that the court imposed a sentence here that was substantially below the guideline sentence? It wasn't the recommended sentence but it was substantially below the guideline sentence. I make that point because it suggests that the considerations that you think were important that were somewhat mitigating, it would appear that although the judge may not have articulated it specifically that he took those into account. He did impose a sentence again substantially less than the guideline sentence so it makes it pretty tough I think for you to argue that the judge did not factor in the kind of mitigating circumstances that you're describing. The sentencing court your honor imposed a sentence considering a sentencing guideline that was expressly opposed by Mr. Hernandez-Colón on various occasions. The guideline that we are dealing with is a five level increase to the offense level for repeat and dangerous sex offender against a minor contemplated in section 4B15B1 of the sentencing guidelines. For this enhancement to apply the court has to conclude that Mr. Hernandez engaged in a pattern of activity involving prohibited sexual conduct. Application note of this subsection B establishes that a pattern of activity means that defendant engaged in said conduct in at least two separate occasions because the application of that enhancement substantially increased the sentence for 48 months even considering your honor Lipez the variance that the sentencing court applied to Mr. Hernandez-Colón. For that reason the sentence is still unreasonable. But why are you saying that that's a misapplication given the facts of this case? It's misapplied your honor Thompson because the facts of this case are particularly atypical. There was more than one occasion. There was one, more than one occasion your honor but there was evidence of the text exchanged between the victim and Mr. Hernandez-Colón. As an example of that Mr. Hernandez-Colón presented evidence or an argument on the 259 texts that on a single day the victim sent to him while this relationship was going on. But the victim is presumed not to be able to give consent because of her age. Yes your honor we agree as to that and we agree that there is a presumption under the guidelines that because of the difference of age is not voluntary. But in certain cases the voluntary evidence is very relevant to the relationship. And in this case the text showed that there was a relationship that may be voluntary between the minor and Mr. Hernandez. Mr. Hernandez brought that to the attention of the court. The probation officer didn't contest the existence of the text. I just don't understand how the texts are mitigating if the victim is 13 years old. The text your honor were of different nature. The text showed that they converse about everything and they also converse about... It doesn't change the age differential. I just don't understand how that could be... In that sense your honor we submitted that the application of the victim misconduct departure under section 5K210 of the guidelines was applicable in this case. But she was a child. It's a child your honor. We understand she was a child, a 13 year old child. But the court at least should have reviewed the text. Should have given a chance to Mr. Hernandez-Colón and to the other party to find out the truth about the relationship and to analyze at least... Wait a minute. Are you saying that the court refused to look at the text at all? Yes your honor. That's the point. The point is that under the circumstances, what Mr. Hernandez-Colón's counsel requested was that that particular evidence should be taken into consideration prior to sentencing and prior to applying the enhancement of the five levels to his sentencing offense level calculation. This caused an immediate adverse effect to him because it increased substantially the sentencing range applicable. Didn't the PSR reference that there had been extensive communication between them? No your honor. There was nothing in the PSR about that? Nothing in the PSR about that. But he was aware, the district court was aware of the extensive communication he just wasn't aware of the actual content of the text messages on your account, right? The district court didn't even mention the communication at sentencing. That's not what I asked. It was aware of the existence of the communication. I understand your honor that yes, because defense counsel brought it to the court's attention. So what the district court didn't do was, in your view, review the content of the messages. That's correct your honor. And you think that it was obliged to notwithstanding that the ongoing exchange was between a 13-year-old and an adult. Defense understands that respectfully we felt resting the seriousness of this case. I have to say, I think if the court had done what you say the court should have done, which was to look at what you characterize as a relationship between the 13-year-old child and your client. I don't know how you can even use the word relationship. But if the court had done that and somehow, and the logic of your argument is that the child bore some responsibility for what happened here. If the court had accepted that argument, that would have to be a legal error. I mean the government would be up in arms about that and say that to somehow bury the sentence because of the relationship, as you put it, between the child and the defendant, that would have to be a legal error. Mr. Hernandez's position has been at all times that the victim's conduct may have contributed to the relationship at some times. He didn't prevent it, but 259 texts a day. From a 13-year-old every single time. From a 13-year-old, that has to do with the voluntariliness, may have to do, and the court should have considered it. That's our point, Your Honor. Thank you. Thank you. May it please the Court, Thomas Comper on behalf of the United States. In this case, the court did not procedurally or substantially err in imposing a 156-month sentence against this defendant. First of all, I'd like to correct the record. Wait a minute. Could you? Yeah, she just walked out. I know I saw her walking out. Sure. Part of the way we torture you is to compel you to listen to the other side's argument, so bear with us. If I may, first of all, start again. May it please the Court, Thomas Comper on behalf of the United States. In this case, the court did improperly impose a 156-month sentence. It downward varied. If you look, first of all, the defendant in this case actually concedes there were several enhancements that were imposed, and one was for two levels under 2G1.3, which on appeal they do not contest. As for a five-level enhancement under 4.1B.5, there the defendant actually, down below, admitted technically it does apply. However, what they tried to do was ask for a variance under 2K5.10. Now, one of the factors the court was questioning about the 259 text was, yes, the court was aware of it because the probation officer filed an addendum expressing about the 259 actually texts that were sent. It was just one time. They only brought up one issue. It was on January. We're talking four months after the fact when this whole thing started. It was October, and when were these texts? They brought a one-time shot about 259 texts sent by this minor who was at the time 12 when they started, 13 at the moment that these texts were sent, and there was nothing about the context. None were ever presented to the court as to what were the context of the text in this case. So there's nothing on the record as to the context. All they indicated was on one day, 259 texts, four months after, he already had sex with this female minor who was 12 to 13 years old. So based on that, the court and ruling calculated correctly the guideline range, and what it did was imposed a variance down, and to state it did consider the effect maybe, if I look at it, what the defendant had asked in mitigation, because what it looked at was it concluded in downward varying half. Originally it was 188 was the low end of the guideline range. The government wanted 120. It gave 156. What it looked at was it determined that a sentence below the applicable guideline range is sufficient but not greater than necessary to reflect the seriousness of the offense, meaning maybe taking into consideration some factors, what happened with the defendant and the female, and the defendant's history and characteristics, meaning he had drug problems and other things. So based on this, the government's contention is the sentence was correct. Counsel, there is something strikingly formulaic about the way in which the judge explains his decision. In fact, he does not really seem to explain the decision other than in formulaic terms. This is what the court says. He's explaining why he rejects the agreed upon sentence. Right. The court finds that the sentence to which the parties agreed does not reflect the seriousness of the offense, does not promote respect for the law, does not protect the public from further crimes by Mr. Hernandez, and does not address the issues of deterrence and punishment. The court goes on to say, I've taken into consideration the 3553A factors, and this is the determination I made. I mean, that really doesn't say very much about the particulars of this case. It's just a statement that I've taken into consideration generally the factors that I'm supposed to take into account, and this is a decision that I've reached. What are we supposed to do with that kind of explanation, which arguably is no explanation at all? Well, you have to look at what actually the court determined up above. First of all, it looked at the age of the defendant, where he was employed, the history of his cocaine use and everything else, and then what does it specifically state beforehand before it makes that statement? Mr. Hernandez enticed a 13-year-old female into having sexual relations with him repeatedly and to send him photos and videos of her engaging in sexually explicit acts. So there we do have something to show why it made that determination that it, you know, made what you're stating is boil-point language, but it is focusing on the record and what the parties had determined and what actually the PSR stated as to what had happened. The court had actually agreed with, if you look even beforehand, had found that the probation officer had correctly calculated the guideline computation and that the pre-sentence investigative report satisfactorily reflected the components of Hernandez's offense by considering its nature and circumstances. So based on that, I think it does provide the court something to look at that and what its explanation as to those four factors why it found it did not reflect the seriousness of the offense, not promote respect for the law, and protect the public from further crimes from this defendant. Any other questions? Then I rest on my break. Thank you.